WARD & CO. v. WOMACK et al. (No. 7933.)

(Court of Civil Appeals of Texas. Ft. Worth. April 11, 1914. Rehearing Denied May 16, 1914.)

1. ESTOPPEL (§ 58*)—AGREEMENT OF SURETY—PREJUDICE.

Where a surety on a cropper's note for supplies agreed that a debt for additional supplies should be first paid from the proceeds of the crop to induce the creditor to furnish the additional supplies, the surety would be estopped to deny the validity of such agreement, though he received no benefit therefrom.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 144, 145; Dec. Dig. § 58.*]

2. PRINCIPAL AND SURETY (§ 114*) — DISCHARGE OF SURETY—SATISFACTION OF DEBT.

Where a surety signed a cropper's note for supplies to be paid out of the proceeds of the crop, and afterwards agreed that a further note signed by the cropper alone for additional supplies should be first paid out of the crop, and the creditor received sufficient cotton from the debtor to pay both notes, the creditor could not successfully claim any liability against the surety, though it failed to apply the proceeds of the cotton to the full satisfaction of the note the surety signed.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 240–243; Dec. Dig. § 114.*]

Appeal from Eastland County Court; E. A. Hill, Judge.

Action by Ward & Co. against J. W. Womack and others. From a judgment in favor of defendant J. L. Keith, plaintiffs appeal. Affirmed.

J. J. Butts, of Cisco, and J. R. Stubblefield, of Eastland, for appellant. Scott & Brelsford, of Eastland, for appellees.

DUNKLIN, J. J. W. Womack and J. L. Keith executed a promissory note in favor of Ward & Co., a partnership, for the principal sum of $170.30. Keith signed said note as surety only for Womack, with the understanding and agreement with the firm that the same should be secured by a chattel mortgage in favor of the payee of the note on a crop of cotton to be grown by Womack. Ward & Co. were merchants, and $100 of the amount for which the note was given was for supplies to be advanced to Womack to enable him to make the crop, and $30.30 of the principal of the note was for a past indebtedness owing to the firm by Womack. The chattel mortgage was executed by Womack in accordance with the agreement stat-

ed. After Ward & Co. had furnished the supplies to Womack of the value of $100, as agreed, it developed that he would need additional supplies to the extent of $150 in order to enable him to finish cultivating and harvesting the crop of cotton. These additional supplies were furnished by Ward & Co., but before furnishing the same they took from Womack his promissory note for the sum of $150 secured by a second mortgage upon the crop. This note was executed by Womack alone, and the second mortgage given by him contained the stipulation that the $150 note should be satisfied out of the proceeds of the cotton before payment of the note theretofore executed by Womack and Keith.

This suit was instituted by Ward & Co. against Womack and Keith upon the note first mentioned. In his answer thereto Keith pleaded his suretyship upon the note, the agreement between him and the plaintiffs and Womack for the execution of the mortgage to secure the same, and that plaintiffs had received proceeds of the cotton covered by the mortgage sufficient to satisfy the note.

By supplemental petition plaintiffs alleged that, before they sold to Womack the additional goods for which the $150 note was executed, Keith promised plaintiffs orally that he would sign another note with Womack for the additional supplies to the extent of $100 in order to enable Womack to finish his crop; that thereafter plaintiffs were informed by Womack that Keith had agreed to execute with him a note to plaintiffs for $150 for additional supplies, and that, relying upon the promise so made by Keith and the statement so made by Womack, plaintiffs accepted from Womack the second note and mortgage, agreeing at the time to sell to Womack additional goods and merchandise of the value of $150; that, about ten days after the execution of the said second note, plaintiffs presented the same to Keith for his signature, who refused to sign it, but agreed then and there with plaintiffs that the proceeds of the cotton to be grown by Womack and covered by both mortgages should be first applied to the satisfaction of the second note, and, but for this agreement of Keith that the first mortgage should be subordinated to the second mortgage, plaintiffs would not have sold to Womack the additional supplies.

Keith excepted to the supplemental petition upon the ground that it failed to allege any consideration for the alleged waiver of the first lien in favor of the second lien, and also that it in effect was an attempt to bind Keith upon the second note and mortgage of Womack's upon an alleged parol promise by Keith. Plaintiffs recovered a judgment against Womack by default, but failed to recover against Keith, and, from the judgment denying a recovery against Keith, plaintiffs have appealed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Plaintiff Ward testified that, out of the proceeds of the mortgaged cotton, the second note was satisfied in full, also an unsecured indebtedness of $40 owing by Womack to Ward & Co. for other goods sold, and the further sum of $34 which was credited on the note in controversy.

The court instructed the jury that if Keith agreed to waive the first mortgage lien on the cotton in favor of the second mortgage lien, as pleaded by plaintiffs, but that that agreement was without consideration, then a verdict should be returned in favor of Keith. The court further instructed the jury that by the term "consideration" was meant "some benefit or advantage to the party making the promise."

[1] Error has been assigned to this instruction. One of the contentions urged under the assignment is that if Keith made the agreement referred to, and if plaintiff relied upon the same and was induced thereby to sell to Womack the additional supplies, then Keith would be estopped from questioning the validity of the agreement, notwithstanding Keith received no benefit or advantage therefrom.

[2] We are of the opinion that this contention is sound, but the error will not require a reversal of the judgment for the following reason: Womack testified without controversy as follows:

"I made 10 bales of cotton out of the crop covered by the two mortgages and sold them to Ward, Gude & Co. The bales averaged 500 pounds each. I sold them for 9½ cents per pound."

Thus it will be seen that Ward, Gude & Co. (who were the same firm as Ward & Co.) received cotton from Womack of the value of $475.50, which was in excess of the aggregate of the note in suit for the principal sum of $170.30, and the second note for the principal sum of $150. Having received out of the mortgaged cotton more than sufficient to satisfy the note in suit, as well as the second note, plaintiffs cannot be heard to claim any of the indebtedness against Keith, even though they failed to apply the purchase price of the cotton to the full satisfaction of the note which Keith had signed. For this reason the judgment is affirmed, irrespective of the error pointed out in the court's charge.

Affirmed.